GRACE H. WAINWRIGHT *vs.* MASSACHUSETTS STORAGE WAREHOUSE COMPANY.

Suffolk.     October 8, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract*, What constitutes, In writing.    *Storage Warehouse.*

An oral agreement made by telephone with the owner of certain household furniture by a storage warehouse corporation to move the furniture and store it for one month for an agreed price, can be found not to have been modified or affected by a warehouse receipt, containing certain printed conditions, which afterwards was sent by the warehouse corporation to the owner of the furniture, especially where the charge for moving and storage stated in the warehouse receipt was considerably larger than that orally agreed upon, and about a month after the warehouse receipt was sent the owner of the furniture had sent a check for the smaller sum after writing upon it the words "for moving and one month storage," and this was accepted by the warehouse corporation without objection.

CONTRACT OR TORT for loss of and damage to the plaintiff's household furniture and personal effects through the alleged negligence of the defendant's agents and servants in the manner of packing such property, carting it to the defendant's storage warehouse and there storing it. Writ in the Municipal Court of the City of Boston dated January 19, 1912.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. There was evidence tending to show that the defendant's agents and servants were guilty of negligence in the handling of the plaintiff's property or in the manner of storing

it at the defendant's warehouse. The defendant relied on a provision in a warehouse receipt which was mailed to the plaintiff and was dated August 1, 1911, requiring notice to be given to the defendant within thirty days of the time when any loss or damage occurred.

The plaintiff testified that she called up the defendant on the telephone and talked with some one in authority and asked him to send one of his men to her house to give her an estimate for packing, moving and storing her household goods; that the defendant sent its man, who looked over everything and gave the plaintiff an estimate, which included the packing, the moving of her effects and the storage rate for one month at the warehouse; that after this the plaintiff got an estimate from another storage warehouse, and then called up the defendant on the telephone and told the man in charge that she accepted the figures the defendant's man had given her, and made arrangements for the moving; that the defendant asked permission to pack her books and china before the date set for the moving, and did this before July 28, or 29, when she arranged to have the defendant move her furniture; that everything was removed from the house, and that a man named Gleason was in charge of the moving; that the plaintiff had no knowledge of the damage to her furniture and did not know of her loss until October 26, 1911, when her own teamster carted it from the defendant's storage warehouse to her new house in the part of Brookline called Longwood; that the defendant forbade her to inspect her furniture while it was at the warehouse; that the defendant mailed to her a warehouse receipt dated August 1, 1911; that the plaintiff paid no attention to this paper; that "she did not notice that there were terms and conditions on the receipt;" that these were in very fine print; that on October 26, 1911, she made memoranda of damage and, as she made new discoveries of damage or total loss of her effects, kept adding to her list; that "It took three or four months or perhaps five before she came to realize the full extent of her damage;" that on November 28, 1911, she gave the defendant written notice of her claim for damage to and loss of her property; and that pursuant to this notice the defendant's treasurer and manager came to her house and examined her furniture, but

made no objection to the form of her notice or the time of her giving it. It further appeared that the plaintiff paid the defendant the amount she agreed to pay according to the estimate given her. She offered in evidence her cancelled check, dated August 31, 1911, to the order of the defendant on which she had written before sending it to the defendant the words "for moving and one month storage." The amount was considerably less than that stated by the figures on the warehouse receipt mailed to the plaintiff, but the defendant did not dispute the payment by check as not being in accordance with the contract and retained the money.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to rule as requested "and submitted the case to the jury with proper instructions or with instructions which were not objected to by the defendant." The jury returned a verdict for the plaintiff in the sum of $392.50; and the defendant alleged exceptions.

*A. Berenson, F. P. Garland & B. Berenson,* for the defendant, submitted a brief.

*H. R. Scott,* for the plaintiff.

DE COURCY, J. There was evidence of negligence on the part of Gleason and his employees in the packing, handling and moving of the plaintiff's furniture; and it is now conceded that the jury properly could find that these men legally were the agents and servants of the defendant. The contention of the defendant is that the plaintiff, by accepting the printed receipt without objection, is bound by the "terms and conditions" therein contained and thereby has relieved it from responsibility for the negligence of its agents; and further that it is exempt from liability by the failure of the plaintiff to give notice in writing within thirty days after the damage occurred, as required by the provisions of that receipt.

The only exception taken by the defendant was to the judge's refusal to rule that on all the evidence the plaintiff was not entitled to recover. We are of opinion that this ruling was rightly refused. There was ample evidence that an oral contract was made on or before July 29, 1911, by which the defendant company agreed to pack and move the furniture. Much if not all of the

damage complained of was committed while it was acting as a private carrier, and before the goods reached the storage warehouse. The jury further could find that this oral contract was not superseded by the later written contract of August first. Indeed it appears from her check, dated August 31, that the amount paid by the plaintiff for moving and storage was not the sum stated in the printed receipt, namely, $44.20, but the amount specified in the oral agreement, which was $32.75. For a breach of that oral agreement by the negligence of the defendant's agents and servants, the plaintiff was entitled to recover either in contract or in tort. *Cox* v. *Central Vermont Railroad,* 170 Mass. 129. The charge is not printed in the record, and we have no means of knowing on which ground the case was submitted to the jury; but no objection was made to the instructions that were given.

We have not found it necessary to consider the validity or effect of the terms and conditions inserted in the printed receipt. See St. 1907, c. 582, § 4.

*Exceptions overruled.*